**TUPUSEMANUIA M. TAUOA, Claimant**

**v.**

**MALELE A. MUAGUTUTI'A, Objector**

**[In the Matter of the Registration of the Matai Title "MUAGUTUTI'A" of the Village of Faga'itua]**

High Court of American Samoa
Land and Titles Division

MT No. 2-86

March 7, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, VAIVAO, Associate Judge, AFUOLA, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Claimant, Utu Sinagege R.M.
         For Objector, Tau'ese P.F. Sunia

This case came regularly for trial on March 6, 1990. Claimant Tupusemanuia was present and represented by counsel. Objector Malele was neither present nor represented.

Counsel for Tupusemanuia, as well as Tupusemanuia himself, told the Court that Malele had agreed to withdraw his objection and let Tupusemanuia hold the title. The objection had not, however, been formally withdrawn as of the time scheduled for trial. The Court therefore proceeded to hear the testimony of Tupusemanuia with respect to his own qualifications to hold the Muagututi'a title.

The law governing matai titles specifies four criteria on which the Court must make findings in every action for the registration of a matai title. These are (1) the best hereditary right to the title; (2) the "wish of the majority or plurality of those clans of the family as customary in that family"; (3) forcefulness, character, personality, and knowledge of Samoan custom; and (4) value to the family, village, and country. A.S.C.A. § 1.0409.

The Court finds that Tupusemanuia is related to the Muagututi'a title in that his mother's mother's father held the title. According to the method the Court has traditionally used to calculate degrees of relation to titles, this is a 1/8 blood relationship. This was the best hereditary right to the title demonstrated by any contestant, since Malele neither appeared in Court nor provided evidence of his genealogy in the questionnaire he submitted.

Tupusemanuia also testified that all clans within the family support him for the title. Since this was the only evidence presented to the Court, it was necessarily the best evidence. We therefore find for Tupusemanuia with respect to this criterion.

Tupusemanuia further demonstrated that he has at least some knowledge of Samoan custom, so that we find for him on the third criterion.

With respect to the fourth criterion, the value of the holder of the title to the family, village, and country, we are deeply troubled. The testimony of Tupusemanuia with respect to various services he has rendered to the family, to his church, to the village, and to the Territory would ordinarily be enough to satisfy this criterion, at least in an uncontested case. It was also clear from the testimony of Tupusemanuia, however, that for several years he has been using the Muagututi'a title

even though the objection of Malele was still pending. This is specifically forbidden by law. A.S.C.A. § 1.0414 provides that "[a] person who uses any matai title . . . before the same has been registered . . . shall be sentenced as for a class B misdemeanor." (A class B misdemeanor is punishable by up to six months in jail and a $500 fine.) Since no title can be registered until any objections have either been withdrawn or resolved in Court, it is clear that Tupusemanuia has been violating this law for some time.

Nor did Tupusemanuia show any remorse when questioned by the judges. His excuses --- that he only held himself out as Muagututi'a because the family wished him to do so, and that his rival Malele had behaved in bad faith --- are the same excuses always given by people who have violated the law by using an unregistered matai title. *See, e.g.,* *In re Matai Title "Sotoa"*, 6 A.S.R.2d 91 (1987); *In re Matai Title "Tauala"*, 13 A.S.R.2d 19 (1989). Respect for the law, even for laws with which a person disagrees or with which compliance is inconvenient, is an essential ingredient of value to the family, village, and community. With respect to fitness to hold a matai title, obedience to the laws enacted by the Fono to govern matai titles is particularly important.

If another candidate had presented himself to the Court, and if that candidate had not violated the law by holding himself out as Muagututi'a before the case was resolved, we would find for that candidate on the criterion of value to the family, village, and country. In the present case we find only that Tupusemanuia has failed to prove his case on this criterion.

Tupusemanuia has, however, proved his fitness to hold the Muagututi'a title with respect to three of the four statutory criteria. No other candidate has proved his fitness with respect to any of the four criteria. We therefore find that Tupusemanuia is the candidate best qualified to hold the Muagututi'a title, and judgment will issue accordingly.

Finally, we note that it is most unusual to proceed to judgment in a matai case when one of the parties is not present. In this case the record reflected that Malele knew about the trial date, since he was present in Court when the date was set. The Court was also informed by Tupusemanuia and by his counsel that Malele had agreed to withdraw his objection and that this was probably the reason he was not present in Court. We proceeded with the trial on the basis of these facts.

If Malele should wish to present evidence to the Court that his absence at trial was not for the reason stated by Tupusemanuia but for some other compelling reason, or if he should have any other objection to our decision, he has ten days to file a motion for reconsideration and/or new trial with the Clerk of the High Court. If no such motion is filed by 4:00 p.m. on Monday, March 19, 1990, Tupusemanuia will have the right to register the Muagututi'a title.

It is so ordered.